UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KIEL RICHARD STONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:16-CV-812-JD |
| | ) |
| MEIJER and INDIANA STATE | ) |
| DEPARTMENT OF HEALTH, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff Kiel Richard Stone filed a *pro se* complaint on November 30, 2016 [DE 1], as amended on December 7, 2016 [DE 3], as well as a petition for leave to proceed *in forma pauperis* [DE 2]. Mr. Stone sued Meijer and the Indiana State Department of Health claiming that Meijer drinking water has made him sick and damaged his immune system and that the Indiana State Department of Health is responsible for not testing the water after he complained. The Court is aware that Mr. Stone has filed a series of other complaints against law enforcement agencies and others allegedly responsible for an illegal wiretap, along with additional fantastical allegations concerning his allegedly being poisoned. *See* 3:16-cv-00762-RL-MGG Stone v. Indiana State Police, *et al*.; 3:16-cv-00765-WCL-MGG Stone v. Laurys; 3:16-cv-00771-WCL-MGG Stone v. Indiana State Department of Health; 3:16-cv-00772-WCL-MGG Stone v. The Dan Lebtard Show with Stugotz *et al*.; 3:16-cv-00787-JTM-MGG Stone v. Sprint; 3:16-cv-00792-JD-MGG Stone v. Dish Network; 3:16-cv-00831-JVB-MGG Stone v. Laurys; and 3:16-cv-00847-JTM-MGG Stone v. Dish Network.

Title 28 U.S.C. § 1915(e)(2)(B) directs courts to screen all complaints filed with requests to proceed in forma pauperis, and to dismiss the case if the court determines that the action is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Luevano v. Wal-Mart*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("The only difference regarding IFP and fee-paying plaintiffs arises in section 1915(e), which directs courts to screen all complaints filed with requests to proceed IFP and provides that 'the court shall dismiss the case at any time' if, among other things, the action is frivolous or malicious or 'fails to state a claim on which relief may be granted . . .'") (quoting 28 U.S.C. § 1915(e)(2)). However, the Court must first determine whether it has subject matter jurisdiction over the case.

Plaintiff's complaint does not identify any federal law under which his food poisoning claim may be brought. Accordingly, there is no federal jurisdiction under 28 U.S.C. § 1331. Moreover, he has alleged no facts to establish jurisdiction under 28 U.S.C. § 1332 (requiring plaintiff and defendants to be citizens of different states and an amount in controversy exceeding $75,000). The complaint suggests no other bases for federal jurisdiction.

Ordinarily when jurisdictional allegations in a complaint are deficient, the Court directs the plaintiff to file an amended jurisdictional statement. However, in this case that would be futile because Plaintiff's complaint fails to state a claim for relief that is plausible on its face which could provide a basis for subject matter jurisdiction. *See Carpenter v. PNC Bank, Nat. Ass'n*, No. 15-2732, 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (noting that while it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] . . . that's unnecessary where, as here, 'it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted.'") (internal citation and citation omitted); *see also Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

Thus, the Court will not give Plaintiff leave to amend since there is no reason to believe Plaintiff's allegations could be remedied by further pleading. Accordingly, this matter is DISMISSED for lack of subject matter jurisdiction and Mr. Stone's petition to proceed *in forma pauperis* [DE 2] is DENIED as moot.

The Court also reminds Mr. Stone of "the inherent power of a federal court to sanction a litigant for bad-faith conduct." *Chambers v. NASCO, Inc*., 501 U.S. 32, 35 (1991). "'Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.'" *In re McDonald*, 489 U.S. 180, 184 (1989) (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984)). Although it is a drastic step to prospectively bar a plaintiff, or to impose a fine for filing vexatious cases, such actions are within the power of this Court, and they may prove warranted if Mr. Stone persists in filing the same frivolous cases repeatedly.

SO ORDERED.

ENTERED: December 15, 2016

                                                              /s/ JON E. DEGUILIO
                                                            Judge
                                                            United States District Court